---

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| JENNIFER WEST,<br><br>     Plaintiff,<br><br>v.<br><br>AGGRESSOR ADVENTURES, LLC,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Case No. 1:24-cv-00123<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

---

### BACKGROUND

     This matter is a diversity case, sounding in tort, for injuries Plaintiff Jennifer West alleges she sustained as the result of falling through an exposed hatch on a yacht, which was operated by Aggressor Adventures, LLC ("Aggressor").[1]  Aggressor filed a Motion to Dismiss[2] contending that the District of Utah is not a proper venue and that the Court lacks personal jurisdiction over Aggressor.  As set forth below, the Court finds Plaintiff fails to allege facts sufficient to establish the Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a).  Accordingly, the Court will dismiss the Complaint sua sponte and, consequently, find Defendant's Motion to Dismiss moot.

### ANALYSIS

     As courts of limited jurisdiction, federal district courts have a responsibility to ensure they have subject-matter jurisdiction in every case.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court

---

[1] The location of the yacht at the time of the incident is not alleged, however, the parties' briefing indicates the yacht was in Belize.  *See* ECF No. 10 at 2; ECF No. 11 at 3.

[2] ECF No. 11.

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (noting the Tenth Circuit's "responsibility to ensure even sua sponte that [court] ha[s] subject matter jurisdiction before considering a case").  Plaintiff fails to allege facts sufficient to support her assertion the Court enjoys diversity jurisdiction over this matter, for the reasons below.

I.     **<u>Plaintiff has not alleged facts sufficient to establish the Court has subject-matter jurisdiction over this case because she has not alleged her citizenship, or the citizenship of Aggressor's members</u>**

Plaintiff fails to allege her own citizenship, and the citizenship of each of Aggressor's members, which is required to establish diversity jurisdiction under 28 U.S.C. 1332(a).  The party invoking diversity jurisdiction bears the burden of establishing its existence.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

     a.   **Plaintiff has not alleged her citizenship or domicile, which is required to establish diversity jurisdiction**

Plaintiff has not alleged her citizenship or domicile.  An individual's residence is not equivalent to her domicile, and it is domicile that is relevant for determining citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  "[A]n allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Whitelock v. Leatherman,* 460 F.2d 507, 514 n. 14 (10th Cir.1972) (quotations omitted).  Here, Plaintiff alleges she is "a resident of" Davis County, Utah.[3]  Thus, Plaintiff has not alleged facts sufficient for the Court to ensure it enjoys diversity jurisdiction.

---

[3] Compl. ¶ 1.

**b. Plaintiff fails to allege the citizenship of any member of Aggressor, which is required to establish diversity jurisdiction**

Additionally, Plaintiff fails to allege sufficient facts to establish Aggressor's citizenship for diversity purposes.  When asserting diversity jurisdiction in a case involving a limited liability company ("LLC") or other unincorporated entity, a plaintiff must allege the citizenship of each member of the LLC or other unincorporated entity.  *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting the Tenth Circuit "join[ed] all other circuits that have considered the matter in concluding [an LLC] takes the citizenship of all its members").

Here, Plaintiff alleges Aggressor is "a domestic limited liability company, whose headquarters is located" in Augusta, Georgia.  Plaintiff does not allege the citizenship, or identity, of any member of Aggressor.

## ORDER

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint, sua sponte. Plaintiff may file an amended complaint not later than February 6, 2025.  Failure to file an amended complaint by that deadline will result in dismissal of this action without further notice.

Additionally, the Motion to Dismiss (ECF No. 10) and the Motion for Leave to File Reply (ECF No. 12) filed by Defendant are both MOOT.

DATED this 23rd day of January 2025.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge