IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JENNIFER WEST,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AGGRESSOR ADVENTURES, LLC,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 1:24-cv-00123<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

**BACKGROUND**

Plaintiff Jennifer West brings this purported diversity case, sounding in tort, for injuries she alleges she sustained as the result of falling through an exposed hatch on a yacht in Belize, which was operated by Aggressor Adventures, LLC ("Aggressor").[1] Aggressor previously filed a motion to dismiss[2] contending that the District of Utah is not a proper venue and that the Court lacks personal jurisdiction over Aggressor. The Court found that motion moot when it dismissed Ms. West's Complaint based on her failure to allege facts sufficient to establish the Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a).

Ms. West then filed her Amended Complaint.[3] Aggressor again filed a Motion to Dismiss,[4] arguing, among other things, that Ms. West failed to allege facts in her Amended Complaint that could establish the Court has subject-matter jurisdiction. To date, Ms. West has

---

[1] *See* Amd. Compl., ECF No. 15 at 3–6.
[2] ECF No. 11.
[3] ECF No. 15.
[4] ECF No. 16.

not responded to Aggressor's Motion to Dismiss. Accordingly, the Court will grant Aggressor's Motion to Dismiss[5] this action for lack of subject-matter jurisdiction because Ms. West's Amended Complaint suffers the same defects as her original complaint, despite the Court's previous order bringing those defects to her attention.

## ANALYSIS

Aggressor contends Ms. West's Amended Complaint fails to allege facts sufficient to support her assertion that this Court enjoys diversity jurisdiction over this matter.[6] Specifically, Aggressor notes that Ms. West does not allege her own domicile or citizenship, nor does she allege the identity or citizenship of any of Aggressor's members. Aggressor is correct.

### I. Ms. West has not alleged facts sufficient to establish the Court has subject-matter jurisdiction over this case because she has not alleged her citizenship, or the citizenship of Aggressor's members

Ms. West fails to allege her own citizenship, and the citizenship of each of Aggressor's members, which is required to establish diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. 1332(a). The party invoking diversity jurisdiction, as Ms. West does here,[7] bears the burden of establishing its existence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Ms. West does not satisfy her burden here.

---

[5] *See* D.U. Civ. R. 7-1(f) ("failure to respond timely to a motion may result in the court granting the motion without further notice"). Ms. West's response was due March 19, 2025. *See* D.U. Civ. R. 7-1(a)(4)(A)(iii).
[6] ECF No. 16 at 5.
[7] *See* Amd. Compl. ¶ 4. Plaintiff also suggests the Court has supplemental jurisdiction over her state-law claims. Yet, supplemental jurisdiction can only be exercised in a case where the Court has "original jurisdiction," which Plaintiff fails to establish here. 28 U.S.C. § 1367(a).

### a. Ms. West has not alleged her citizenship or domicile, which is required to establish diversity jurisdiction

Ms. West has not alleged her citizenship or domicile. An individual's residence is not equivalent to her domicile, and it is domicile that is relevant for determining citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). "[A]n allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Whitelock v. Leatherman,* 460 F.2d 507, 514 n.14 (10th Cir.1972) (quotations omitted). Here, Ms. West alleges she is "a resident of" Davis County, Utah.[8] Thus, identical to her original complaint, Ms. West has not alleged facts in her Amended Complaint sufficient for the Court to ensure it enjoys diversity jurisdiction because she has not alleged her domicile or citizenship.

### b. Ms. West fails to allege the citizenship of any member of Aggressor, which is required to establish diversity jurisdiction

Additionally, Ms. West fails to allege sufficient facts to establish Aggressor's citizenship for diversity purposes. When asserting diversity jurisdiction in a case involving a limited liability company ("LLC"), like Aggressor, a plaintiff must allege the citizenship of each member of the LLC. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting the Tenth Circuit "join[ed] all other circuits that have considered the matter in concluding [an LLC] takes the citizenship of all its members").

---

[8] Amd. Compl. ¶ 1. This is the same allegation Ms. West made in her original complaint, which the Court dismissed for this same reason. Compl. ¶ 1.

Here, Ms. West alleges Aggressor is "a domestic limited liability company, whose headquarters is located" in Augusta, Georgia.[9] Again, identical to her original complaint, Ms. West does not allege the citizenship, or identity, of any member of Aggressor. Accordingly, Ms. West fails to carry her burden to show this Court has subject-matter jurisdiction over her claims because she has not alleged the domicile or citizenship of any party.

## ORDER

Based on the foregoing, the Court GRANTS Aggressor's Motion to Dismiss this action for lack of subject-matter jurisdiction.

Judgment shall be entered accordingly.

DATED this 2nd day of April 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[9] Amd. Compl. ¶ 2. Again, this allegation has not changed from Ms. West's original complaint. *See* Compl. ¶ 2.